## SAWYER v. WARE *et al.*

No. 2189. Opinion Filed November 19, 1912.

(128 Pac. 273.)

1. **QUIETING TITLE—Right of Action—Title of Plaintiff.** Sawyer brought an action against the wife and minor heirs of Ware to foreclose a mortgage. He bought in the property at foreclosure sale. Certain defects in the proceedings appeared upon the record. Before the infants' right of appeal expired, Sawyer brought this action against the same defendants to quiet his title. **Held,** that the action would not lie, as the action to quiet title cannot be used to indirectly defeat the right of appeal, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter.

2. **INFANTS—Action—Review of Judgment.** The method allowed by the statute for protecting an infant's right against errors when they appear upon the face of the proceedings, and when the fact of infancy so appears, is by appeal to the Supreme Court. Sections 6082 and 6094, Comp. Laws 1909.

3. **SAME.** Subdivision 5 of section 6094, Comp. Laws 1909, providing that the district court shall have power to vacate or modify its own judgments for erroneous proceedings against an infant, where the condition of infancy and the errors do not appear upon the record, does not authorize the district court to act when these errors do appear upon the record.

4. **SAME.** Subdivision 8 of section 6094, Comp. Laws 1909, authorizes the district court to vacate or modify its own judgment for errors shown by an infant within twelve months after arriving at full age, as prescribed in section 5935. Section 5935 provides that "it shall not be necessary to reserve, in a judgment or order the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment." **Held,** that this subdivision and section do not authorize the district court in an original proceeding, to correct errors appearing of record which may be corrected by direct appeal to the Supreme Court.

5. **JUDGMENT AGAINST INFANT — Necessity for Guardian Ad Litem.** Whether or not it is necessary for an infant, in order to set aside a judgment which has been rendered without the appointment of a guardian ad litem, to show that he has suffered injury by the nonappointment, quaere.

(Syllabus by Ames, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by D. F. Sawyer against Ida. Ware and others to quiet title to real estate purchased by plaintiff at a foreclosure sale. Judgment for plaintiff against Ida Ware and for minor defendants against plaintiff, and plaintiff brings error. Reversed and remanded.

*Du Mars & Vaught,* for plaintiff in error.

*E. G. McAdams,* for defendants in error.

Opinion by AMES, C. This action was commenced in October, 1909, by the filing of a petition, in which the plaintiff sought a decree against the defendants quieting his title to certain real estate in Oklahoma City. He alleged that he acquired title thereto through a foreclosure sale in a cause pending in the district court of Oklahoma county, wherein he was also plaintiff, and the same defendants were also defendants. A guardian *ad litem* was duly appointed for the infant defendants, and an answer and cross-petition was filed on their behalf, in which it was admitted that the plaintiff was in possession of the property under the sheriff's deed, as alleged by him, but it was claimed that the proceedings pursuant to which that deed was issued were invalid, for the reason that the maker of the mortgage, their father, was the owner of the land at the time of his death, that the foreclosure proceeding was brought against them and their mother as his heirs, and that no proper service was had upon the minors, and for the additional reason that there were errors in the rendition of the judgment, that the petition did not state a cause of action against the estate of their father, and that the judgment against the estate was erroneous. It was further alleged that no guardian *ad litem* was appointed for the minors in that case, and that, by reason thereof, their interest was not represented, and the judgment rendered was void. It was further expressly admitted that the plaintiff is entitled to collect the debt for which the mortgage was foreclosed, and that the amount due is correct, but it was alleged that he has been collecting the rents since the foreclosure

and an accounting was sought. It was not claimed that the property sold for less than its value at the time of the sale. Upon the trial the court permitted the sheriff to amend his return of service in the foreclosure case, and thereupon judgment was rendered in favor of the plaintiff against Ida Ware, one of the defendants and the mother of the minor children, but against the plaintiff and in favor of the minor defendants. The foreclosure sale was ordered set aside as null and void. Thereafter, on motion, this decree was modified so as to permit the foreclosure sale to stand as against the mother. Thereafter, on motion, an order was made directing the plaintiff to account for rents and profits. This appeal is prosecuted by the plaintiff from a decree in favor of the minors. Ida Ware, the mother, does not appeal.

The questions presented and argued by counsel are whether the service on the minor defendants in the foreclosure case was sufficient to confer jurisdiction upon the court; whether the failure to appoint a guardian *ad litem* rendered the judgment void, or merely voidable; whether, if the judgment was merely voidable, the cross-petition of the defendants amounts to a collateral attack upon it; whether, if the attack is not collateral, it was necessary to make it in the original cause; and finally, whether, if the attack was valid and should be sustained, the plaintiff would still be entitled to a decree of foreclosure. While these questions do not directly involve the right of the plaintiff to maintain this action, they do indirectly involve that question, because, if the plaintiff has the right to maintain the action, it would seem to be the dictate of plain justice that the defendants would have the right to maintain their defense, and the two questions are so intimately related that we first consider the plaintiff's right to maintain his action.

It will be remembered that the plaintiff in this case was the plaintiff in the foreclosure case; that the defendants in this case were the defendants in the foreclosure case; that the plaintiff in this case was the purchaser at the foreclosure sale; that the defects alleged to exist in the foreclosure proceeding are insufficient service and the failure to appoint a guardian *ad litem*. If the service was insufficient, it was the plaintiff's fault, and not the

defendants.   If a guardian *ad litem* was necessary, the failure to appoint one was as much the fault of the plaintiff as of the defendants, because, by the express terms of the statute, the plaintiff had the right to bring the matter to the attention of the court. Comp. Laws 1909, sec. 5566.   The plaintiff, therefore, is in the attitude of bringing another action against the identical defendants for the purpose of curing a defect in the original proceeding for which he was responsible.   The failure to appoint a guardian *ad litem* was apparent upon the face of those proceedings, and, if there was prejudicial error against the infants, the method of correcting it was by petition in error to this court.   Section 6082 of the Comp. Laws of 1909 provides that in case the person entitled to prosecute a proceeding to this court for reversing, vacating or modifying a judgment or final order be an infant, that the time within which he may prosecute the proceeding shall be exclusive of the period of his disability, and therefore, for these errors appearing on the face of the proceedings, the remedy provided by the statutes is an appeal to this court, and this right of appeal lasts until the statute has run against the infant, excluding the period of his disability.   The object sought to be accomplished by this action to quiet title is therefore to foreclose the right of the infants to attack this judgment on appeal within the time limited by law.   The situation is the same as though such an action were brought against an adult who had a right of appeal prior to the expiration of the Statute of Limitations, which is now six months, and which was formerly twelve.   It is plain that in such a case the successful party would have to wait for the statute to run, and that he could not destroy this right of appeal in this indirect manner.   It is true that section 6121 of Comp. Laws of 1909 provides that "action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest." But this must be construed in connection with the other statutes, and where the party claiming the adverse right has the right of appeal to this court, and where that right has not expired, it seems elementary that this action cannot be brought when its only effect is to abridge or destroy that right of appeal.

Another elementary proposition is that parties should not be harassed with litigation over the same subject, and the plaintiff should not be permitted to sue the same defendants twice on the same cause of action. Suppose he should procure a decree to quiet his title in this case, and later on his title should again be questioned and these defendants should again assert some adverse interest, alleging defects in the foreclosure proceedings and likewise alleging defects in this proceeding; would the plaintiff be entitled to maintain another action quieting title? It is the prevailing doctrine that, where an action at law to establish legal title is pending, the party in possession cannot resort to equity for the removal of a cloud upon his title. *Normant v. Eureka Company,* 98 Ala. 181, 12 South. 454, 39 Am. St. Rep. 45; *Moran v. Palmer,* 13 Mich. 367; *Huntington v. Allen,* 44 Miss. 654. While these cases are not directly in point, they involve a similar principle. In the case at bar the foreclosure proceeding may be regarded as still pending, as the right of the minor heirs to appeal has not yet expired, and, if they desire to assert any claim against the plaintiff on account of the alleged defects in that proceeding, their method of doing so is by appeal. We therefore conclude that under the facts in this case the plaintiff cannot maintain this action.

The next question to consider is whether the minor defendants can maintain their cross-petition, by which they seek to annul the judgment of foreclosure and an accounting of the rents and profits received by the plaintiff while in possession of the property. This involves a consideration of our statutes relating to this subject. Section 6094, Comp. Laws 1909 provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: First. * * * Second. * * * Third. * * * Fourth. * * * Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. Sixth. * * * Seventh. * * * Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5935 Ninth. * * *"

Section 5935, referred to in subdivision 8, *supra,* is as follows:

"It shall not be necessary to reserve, in a judgment or order the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment."

We have already referred to section 6082, giving an infant the right of appeal after the removal of the disability of infancy. We therefore have three classes of cases in which an infant, by reason of his infancy, is given special privileges. First. The right of appeal to the Supreme Court within the statutory period after the removal of his disability. This right, of course, will only protect him as against errors which appear in the record and proceedings, as the appellate court can consider only the case as made by the record in the trial court. Second. Under paragraph 5 of section 6094, the district court itself has the power to vacate or modify its own judgment for erroneous proceedings against an infant, where the infancy and the error do not appear in the record. As previously stated, if the error appears in the record, the remedy is by appeal; but, if the error does not appear in the record, the district court itself has the power to vacate or modify its judgment under this section. Third. The district court itself has the power to vacate or modify its own judgment for errors shown by an infant within twelve months after arriving at full age, as prescribed in section 5935, which covers those errors, which under the old chancery practice the infant would have had a right to show cause against, if the right had been reserved to him in the decree. Under the code practice, this reservation is unnecessary, but the infant has that right nevertheless under the statute. On this subject the following cases are of interest: *Manful v. Graham,* 55 Neb. 645, 76 N. W. 19, 70 Am. St. Rep. 412; *Ralston v. Lahee,* 8 Iowa, 17, 74 Am. Dec. 291; *Joyce v. McAvoy,* 31 Cal. 273, 89 Am. Dec. 172, and extended note; *Porter v. Robinson,* 3 A. K. Marsh [Ky.] 253, 13 Am. Dec. 153; *Harrison v. Wallton,* 95 Va. 721,

30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830; *Powell v. Gott,* 13 Mo. 458, 53 Am. Dec. 153.

Is this cross-petition an attack contemplated by either provision of the statutes referred to? It is, of course, apparent that it is not an appeal to this court, because it is a proceeding originating in the district court. It cannot be maintained under the fifth subdivision of section 6094, because the errors appear in the record, and that only authorizes the district court to modify its judgment when the errors do not appear in the record.

It is doubtful just what cases are covered by subdivision 8 of section 6094 and section 5935 therein referred to. For an interesting discussion of such cases as might be covered, see 1 Daniell's Chancery Pleading & Practice, pp. 160-164, star pp. 165-169, and *Joyce v. McAvoy,* 31 Cal. 273, 89 Am. Dec. 172, and note. Without laying down any general rule, it is sufficient now to say that it is not intended by this subdivision to supersede subdivision 5, nor such rights as are reserved to the infant by appeal. It follows from what has been said that, the errors which are complained of in the cross-petition being all errors which appear upon the record, the remedy, if any, is not by a separate action in the district court.

Having reached this conclusion, it is unnecessary for us to pass upon the question of the sufficiency of the service, or of the effect of the failure to appoint a guardian *ad litem.* The authorities are not harmonious as to the failure to appoint a guardian *ad litem.* Some hold that, while such an omission is erroneous, the infant cannot take advantage of the error, unless it has produced some prejudice or injury to his rights (*Walkenhorst v. Lewis,* 24 Kan. 420; *Holloway v. McIntosh,* 7 Kan. App. 37, 51 Pac. 963; *Burdette v. Corgan,* 26 Kan. 102; *Holloway v. McIntosh,* 7 Kan. App. 34, 51 Pac. 963; *Middleton v. Stokes,* 71 S. C. 17, 50 S. E. 539; *Ralston v. Lahee,* 8 Iowa, 17, 74 Am. Dec. 291; *Reints v. Engle,* 130 Iowa, 726, 107 N. W. 947; *Park v. Bolinger,* 8 S. W. 914, 10 Ky. Law Rep. 303), while there are authorities which hold that it is unnecessary for the infant to show any injury (*Weiss v. Courdrey,* 102 Mo. App. 65, 76 S. W. 730; *Weaver v. Glenn,* 104 Va. 443, 51 S. E. 835; *Burnett v. Summerlin,*

110 Ga. 349; 35 S. E. 655; *Maryland Casualty Company v. Lanham,* 124 Ga. 859, 53 S. E. 395; *Alexander v. Davis,* 42 W. Va. 465, 26 S. E. 291; *Wallis, Landes & Co. v. Stuart,* 92 Tex. 568, 50 S. W. 567, but compare *Johnson v. Johnson,* 38 Tex. Civ. App. 385, 85 S. W. 1023).

What we have said in this opinion has been dealing primarily with the statutory provisions for the protection of infants, and is not to be construed as affecting the rights of the parties in the original foreclosure case, in the event that judgment is void for want of notice, under the section providing that "a void judgment may be vacated at any time, on motion of a party, or any person affected thereby" (section 6101, Comp. Laws 1909); and, in the event that service is void, the district court would have jurisdiction to set the judgment aside under this provision.

As a result of the conclusion which we have reached, it follows that the case should be reversed and remanded, with instructions to dismiss the petition as to the defendants, except Ida Ware, the mother, and to dismiss the cross-petition of the defendants, the costs in this court to be equally divided between the parties.

By the Court: It is so ordered.