## COCHRAN v. BARKUS.

No. 15813—Opinion Filed Oct. 6, 1925.

**1. Judgment—"Direct Attack."**

A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law.

**2. Judgment—Collateral Attack for Fraud in Procurement.**

Where a judgment is void by reason of fraud practiced in obtaining it, a collateral attack may be made on the judgment by a proceeding in equity notwithstanding the court had jurisdiction of the proceedings resulting in the judgment attacked. By the weight of authority this constitutes a collateral attack, but by reason of fraud a collateral assault upon the judgment is permissible.

**3. Same—Extraneous Fraud.**

The fraud which vitiates a judgment and which will authorize a court of equity, in collateral attack thereon, to vacate it, is fraud extraneous to the record by which the court was imposed upon in the proceeding, and by which the complaining party was prevented from having his interest fairly presented and fully considered by the court.

**4. Guardian and Ward—Sale of Land—Ward's Right of Appeal not Defeated by Purchaser's Suit to Quiet Title.**

A purchaser of land at a guardian's sale cannot maintain an action to quiet title against the minor and thereby attempt to indirectly defeat the right of appeal of such minor, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Seminole County; Hal Johnson, Assigned Judge.

Action by George S. Cochran against Elry Barkus, a minor, to quiet title to real estate. Judgment for defendant, and plaintiff appeals. Reversed.

E. W. Whitney and Pryor, Stokes & Carter, for plaintiff in error.

John W Willmott and R. J. Roberts, for defendant in error.

Opinion by FOSTER, C. In this case, plaintiff in error, George S. Cochran, as plaintiff, brought his action in the district court of Seminole county on the 19th day of April, 1923, against the defendant in error, Elry Barkus, a minor, as defendant, to quiet his title to 40 acres of land located in Seminole county. Parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff claimed that he was the owner and in possession of said land under and by virtue of a deed executed on the 22nd day of March, 1913, by Dennie Foster, as the duly qualified and acting guardian of the defendant, and that the defendant, who was then still a minor of the age of ten years, was claiming an interest in the land, the exact nature of which was unknown to plaintiff, but that it constituted a cloud on plaintiff's title, and prayed judgment quieting his title to the land and forever barring the defendant from asserting or claiming any interest whatever thereto.

The answer of the defendant was filed by his guardian ad litem, R. J. Roberts, and

consisted of a general denial and of a second amended cross-petition, in which cross-petition he alleged that he was the owner of the land in controversy, and entitled to the immediate possession thereof, basing his title upon an allotment deed which was executed and delivered to him on the 9th day of August, 1912. He further alleged that the plaintiff claimed some right in the land, the exact nature of which was to him unknown, but that it was based upon a guardian's deed dated March 22, 1913, which was void and of no effect, for the reason that it was not made as provided by law. In his prayer he asked the cancellation of the guardian's deed, for possession, and that the title be quieted in him.

A demurrer was interposed by the plaintiff to the second amended cross-petition, heard, and overruled, and exceptions saved. After trial to the court, which was concluded on August 27, 1923, the court entered judgment for the defendant on his cross-petition, holding that the guardian's sale under which the plaintiff claimed title to the land was invalid; canceling the guardian's deed executed to plaintiff pursuant to such sale; awarding defendant possession of the land, and enjoining plaintiff from interfering with his possession thereof. From this judgment, and from a judgment overruling his motion for a new trial, plaintiff appeals to this court for review.

The proper disposition to be made of this case on the record here presented turns: First, on whether the attack made by the defendant on the judgment and decree of the county court of Seminole county is a direct attack; and, second, if it is not a direct attack, whether the defendant in a collateral attack thereon has brought his case within the well-recognized exception to the rule against collateral attack as stated in the case of Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372.

We are met at the threshold by the contention of defendant that plaintiff has not stated a cause of action in his petition, in that his petition shows on its face that his action is against a minor to avoid certain defects appearing in the record of the proceedings of the county court of Seminole county leading up to and resulting in the guardian's deed.

It would seem, under the rule announced in the cases of Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273, and Balbridge v. Smith, 76 Okla. 36, 184 Pac. 153, that a purchaser at a guardian's sale cannot maintain an action to quiet title against the minor during minority and thereby attempt to indirectly defeat the right of the minor to an appeal under the provisions of section 798, C. O. S. 1921. However, we shall revert to this later.

This is an appeal from a judgment of the district court of Seminole county, granting affirmative relief to the defendant under his cross-petition, canceling plaintiff's deed on the ground of fraud in its procurement, and restoring defendant to the title and possession of certain land of which said deed attempted to divest him, and the question of whether or not plaintiff could maintain an action against the defendant while he was still a minor, and thereby defeat defendant's right of appeal, is not, we think, the crucial question presented for determination on this appeal. These questions have already been stated.

Is defendant's action, as set forth in his cross-petition, a direct attack on the sale proceeding of the county court of Seminole county? We think not.

In the case of Griffin v. Culp, 68 Okla. 310, 174 Pac. 495, this court said:

"A collateral attack on a judicial proceeding is an attempt to avoid defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it. A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law."

In paragraph 2 of Van Fleet's Collateral Attack, it is said:

"A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law. Illustrations—A motion for a new trial or for venire de novo; a motion in the cause to vacate, to modify, or to correct the judgment according to the statute, or the practice of the court; writs of error, certiorari, audita querela, and prohibition; petitions for rehearing and bills of review; bills in equity or complaints and petitions under the code to set aside, vacate, modify or correct judgments for fraud, accident, mistake or excusable neglect, are some of the modes provided by law for avoiding or correcting judgments, and are direct attacks with which this work has nothing to do."

It seems clear to us that defendant's cross-petition was not an attempt under the statute to reverse, vacate or modify a final judgment by appeal to this court, nor by a proceeding in the court in which the judgment was rendered to vacate or modify the judgment after the term for erroneous proceedings against an infant, or person of unsound

mind, where the condition of such infant does not appear in the record, nor to correct errors shown by such infant within 12 months after arriving at full age.

The action was in the nature of an action in ejectment to recover the possession of the land held by the plaintiff upon the strength of defendant's title, and the equitable claim of a right to a cancellation of the deed was only incidentally involved. It was therefore not an action in equity to vacate or set aside the judgment for fraud, but an attempt rather to avoid the effect of such judgment in another proceeding, wherein the judgment itself was not directly involved.

That defendant's action is not an attack on the sale proceeding, in any manner provided by law, seems too clear for argument. Defendant conceded in his brief that if the attack made by him on the proceedings of the county court of Seminole county is a collateral attack thereon, the errors and irregularities complained of by him in his cross-petition would be unavailable. In other words, it is conceded that the irregularities complained of, though available in a direct attack, are not jurisdictional.

Having found that the attack made by the defendant in his cross-petition is a collateral attack, it would seem that the contention of the defendant must fail entirely unless his case falls within the well recognized exception to the general rule against collateral attack, which is stated in the case of Sockey v. Winstock, supra, as follows:

"The exception to the rule is: Where the judgment is void by reason of fraud practiced in obtaining it, and for like reasons a collateral attack may be made upon the judgment by a proceeding in equity, notwithstanding the court had jurisdiction of the proceedings resulting in the judgment attacked. By some of the authorities, it is held that this is a direct attack, but the weight of authority, supported by better reason, seems to be that it is a collateral attack, but, by reason of fraud, a collateral assault upon the judgment is permissible."

The fraud which vitiates the judgment, and which will authorize a court of equity, in a collateral attack thereon, to intervene to vacate it, is not some irregularity or defect in the proceedings appearing upon the record which may be corrected on appeal, but is fraud extraneous to the record by which the court was imposed upon in the proceedings, or by which the complaining party was prevented from having his case fully considered by the court. Ward v. Thompson, 111 Okla. 52, 237 Pac. 569.

In the instant case the allegations of fraud are found in the following paragraph of the second amended cross-petition to wit:

"That the purported sale of the said lands above described by the said guardian, Dennie Foster, was fraudulent and was not made as by law required, and the purported guardian's deed, by which the plaintiff claims to have acquired title to the said lands, was insufficient to transfer title and to deprive this defendant of his interest in and to said lands; that said fraud consisted in the failure of the petitioner to allege and prove the statutory ground or grounds required for the sale of a minor's land by his guardian; in the failure to give the required notice to the parties required by the statute to be notified of the hearing on said petition to sell the said lands, in the absence of a waiver of the same; that there was no sufficient waiver of said statutory requirements of said notice; in the failure to make the statutory proof of the posting the said notices required by law for said hearing; in the failure to prove and set out in the decree of sale a lawful ground therein sufficient to authorize the sale of the said minor's lands; in the failure to furnish to the court, prior to the said sale, as required by statute, any additional bond in connection with the said sale; by reason of which said acts and deeds the said purported sale of the said lands herein described were fraudulently taken from this defendant, and the said acts and deeds constituted and were a fraud on this defendant."

There is nothing in these allegations which tends to impeach the judgment of the county court of Seminole county on account of fraud extraneous to the record. Neither is anything to be found in these allegations charging any fraudulent conspiracy by which the court was imposed upon, and by which it was prevented, in the exercise of its general jurisdiction, from fairly considering the merits of the proceedings for the sale of a minor's land then pending before it. Such general and inconclusive allegations of fraud are insufficient.

In Wray v. Howard, 79 Okla. 223, 192 Pac. 584, it is said:

"A mere allegation of fraud is a conclusion, and is not sufficient. The general rule is that the specific facts constituting fraud must be averred, unless, of course, the facts alleged are such as in themselves constitute fraud."

This being a collateral attack on the sale proceedings in question, it follows that defendant has not brought himself within the exception to the rule against collateral attack, and that fraud extraneous to the record was not stated in his cross-petition or shown in the evidence.

We think it clear, from a careful review of the record in this case, that the plaintiff was without authority under section 798, C. O. S. 1921; to bring an action to quiet title against the defendant while he was still a minor, the object to be accomplished by his action to quiet title being to foreclose the right of the defendant to attack the judgment on appeal within the time limited by law. Sawyer v. Ware, supra; Balbridge v. Smith, supra.

In Balbridge v. Smith, supra, it is said in the first paragraph of the syllabus:

"A purchaser at an administrator's or guardian's sale cannot maintain an action to quiet title, and thereby attempt to indirectly defeat the right of appeal of minors, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter."

We think it equally clear that the defendant should have been denied relief under his cross-petition. There was neither allegation, nor proof of fraud extraneous to the record, authorizing the trial court, in a collateral proceeding such as this was, to cancel the guardian's deed and award defendant the possession of the land.

It follows that the judgment of the trial court must be reversed and remanded, with instructions to set aside its judgment, and enter judgment dismissing plaintiff's petition, and dismissing the cross-petition of the defendant, the costs in this court to be divided equally between the parties.

By the Court: It is so ordered.