Note.—See under (1) 29 Cyc. p. 820; 20 R. C. L. 277; 5 R. C. L. Supp. p. 1094.

---

## SHIRK, Gdn., v. McGINNIS.

No. 16191—Opinion Filed Jan. 19, 1926.

### Appeal and Error—Right of Review—Appeal by Guardian from Favorable Judgment.

Under section 1411, C. O. S. 1921, a guardian who in his official capacity as such guardian, files an application for the sale of a certain interest in land belonging to his wards and obtains a decree as contemplated in his application, to which he does not object and who, subsequently to the confirmation of the sale, receives the purchase money without objection and executes a deed to the purchaser therefor, cannot be a party aggrieved by such judgment and is not entitled as a matter of right to an appeal.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Proceeding by Mayme Shirk, guardian of Jay Frick and William Frick, minors, for the sale of certain royalty interest in the allotments of said minors. The County Court of Tulsa County rendered a decree confirming the sale to J. W. McGinnis, and the guardian appeals to the District Court of Tulsa County. From a judgment of the district court dismissing her appeal, the guardian appeals to this court. Affirmed.

W. F. Schuermeyer, for plaintiff in error.

A. J. Biddison, Harry Campbell, P. L. Long, and John H. Cantrell, for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted by Mayme Shirk, guardian of Jay Frick and William Frick, minors, to reverse a judgment of the district court of Tulsa county dismissing an appeal by her, as such guardian, from a decree of the county court of Tulsa county confirming a sale of a one-fourth interest in the oil and mineral royalty of the allotments of said minors, to the defendant in error, J. W. McGinnis. The plaintiff in error, Mayme Shirk, as guardian of Jay Frick and William Frick, filed her petition in the county court of Tulsa county to sell a one-fourth interest in

the oil and mineral royalty of the allotments of her two minor children, Jay Frick and William Frick. An order of sale was made and the royalty interest in said allotments was duly advertised and sold at public sale to the defendant in error, J. W. McGinnis, he being the highest and best bidder therefor. Plaintiff in error thereupon filed her return of sale in the usual form, praying for the confirmation of the sale. Upon a hearing of said return the county court confirmed the sale without objection from any one, and the plaintiff in error received the purchase price in the sum of $600, and executed to the defendant in error her guardian's deed conveying said property. Plaintiff in error thereupon filed notice of appeal and the appeal was duly certified to the district court of Tulsa county, and the defendant in error then filed his motion to dismiss the appeal, which was sustained. From this judgment and from an order overruling her motion for a new trial, the plaintiff in error has duly perfected her appeal to this court.

The sole question presented is whether the trial court erred in dismissing the appeal. It is the contention of plaintiff in error that having complied with the statutory requirements as to appeals in probate matters, the appeal was mandatory, and the conduct of the guardian in procuring the order of confirmation, in acquiescing therein, and in making no objections thereto, cannot be urged as a bar to the hearing of the appeal.

It may be conceded, under the authority of the case of Welch v. Barnett, 34 Okla. 166, 125 Pac. 472, that the pleading, practice, and procedure of civil and criminal cases in the county court have no application to matters arising in the exercise of the probate jurisdiction of that court.

The question here presented is the proper construction of the statute which determines the right of appeal in probate cases. The statute referred to is as follows:

"Party in Default May Not Appeal:—Any party aggrieved may appeal as aforesaid, except where the decree or order, of which he complains, was rendered or made upon his default." Section 1411, C. O. S. 1921.

The record discloses that the plaintiff in error instituted a proceeding in the county court of Tulsa county, the object of which was to sell to the highest bidder for cash the one-fourth undivided interest in the oil and mineral royalty of said land owned by her minor children, accruing to them under the terms of any valid mineral lease that may have been in full force and effect upon

said property. The proceeding resulted in a sale of the property as contemplated in her application. She filed her return asking for confirmation of the sale. In due course the sale was confirmed, to which no exceptions were interposed by the guardian or by any other person, and the guardian received the purchase money and executed and delivered her deed to the purchaser.

The fact that she consented to use and did use the attorneys representing the purchaser in this proceeding, in order to facilitate the proceeding and insure the sale, only adds strength to the conclusion that when the final judgment was rendered the guardian had obtained precisely the relief she sought by the institution of the proceedings. These attorneys were the attorneys the guardian had deliberately chosen, and whether they did or did not properly represent her in relation to the merits of the proceeding for the sale of the property in the county court, is a matter which does not properly enter into the question presented here. In these circumstances, can the plaintiff in error in her official capacity, as guardian of Jay Frick and William Frick, be regarded as an aggrieved party within the meaning of the statute quoted above? We think not.

The general rule is that a party in whose favor a judgment has been rendered cannot appeal from it. Moon v. Moon, 27 Okla. 245, 117 Pac. 200; Warren v. Wilson (Nev.) 220 Pac. 242; Hart v. Winship (Mich.) 146 N. W. 169; Steinberg v. Jacobs (Cal.) 132 Pac. 1060.

A party cannot be aggrieved by a judgment entered upon his own motion and for his own benefit and to which he consents. We know of no reason why this rule should not be made to apply to appeals in probate cases where the guardian, in his official capacity, appeals from a judgment and decree rendered in his favor in such capacity. The rule has been expressly recognized as applying to probate appeals in the following cases: Turner v. Anderson (Mo.) 139 S. W. 180; Radovich's Estate (Cal.) 16 Pac. 321. In the Radovich Case, supra, the Supreme Court of California uses this language in the syllabus:

"A party cannot appeal from an order entered on his motion modifying in his favor a prior order."

The decision in the California case was rendered in a probate case involving the right of an administrator to appeal from an order entered at his own request. The rule announced is consistent, we think, with

orderly appellate procedure in probate matters. To permit a suitor, upon whose motion and for whose benefit a judgment has been rendered, to reverse his position on appeal and repudiate the benefits of the judgment so rendered in his favor, would enable litigants to play fast and loose with the courts, as the varying whims and fortunes of such litigants should dictate.

The legal right of a minor to have a judgment adversely affecting his property rights reviewed, either on appeal or by a proceeding in equity for fraud, is not involved here, and the rule announced does not deprive a minor of any such right. Such minor may not be regarded as in default merely because the guardian or some one has omitted to file objections to the return of sale; and under the rule announced by this court in the cases of Cochran v. Barkus, 112 Okla. 180, 240 Pac. 321; Balbridge et al. v. Smith et al., 76 Okla. 36, 184 Pac. 153; and Sawyer v. Ware et al., 36 Okla. 139, 128 Pac. 273, could appeal under the provisions of section 798, C. O. S. 1921, for the purpose of correcting errors and irregularities occurring in such sale at any time within six months after the arrival of the minor at majority, or in a proper case, he could, prior to his arrival at majority, set the judgment aside for fraud extraneous to the record.

No authorities are cited in the brief of plaintiff in error holding that a party in whose favor a judgment or decree has been rendered, and who has accepted the benefits thereof, can at the same time be an aggrieved party within the purview of the statute hereinbefore quoted, defining the parties entitled to appeal in cases arising under the probate jurisdiction of the county court, or holding that such party, though not aggrieved, is entitled, as a matter of right, to such appeal.

We think the judgment of the trial court is correct and should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 635 § 495: 2 R. C. L. p. 55: 1 R. C. L. Supp. p. 377.