## CAMPBELL et al. v. HICKORY.

No. 19286.   Opinion Filed May 28, 1929.

Rehearing Denied July 2, 1929.

Humphrey & Campbell, for plaintiffs in error.

G. C. Spillers, for defendant in error.

ANDREWS, J. Sammie Hickory, defendant in error, hereinafter referred to as the minor, a minor Creek Indian 19 years of age, by and through a next friend, filed a suit in the district court of Tulsa county to set aside a purported appointment of guardian for himself and a guardian's sale of his real estate.

The plaintiffs in error, hereinafter referred to as the claimants, filed answers and cross-petitions and alleged that a guardian was legally appointed for the minor and his estate; that the said guardian, by and with the consent of the county court, sold the real estate in question to the claimants and that a deed was executed and delivered to them conveying to them the said property, and they prayed that they be awarded a judgment against the minor quieting the title to the land in question.

Thereafter the minor dismissed his suit. The claimants procured summons to be served upon him, and a guardian ad litem was appointed for him. The minor, by and through his guardian ad litem, demurred to the cross-petition of claimants as amended; said demurrer, with formal parts omitted, being as follows:

"1. That prior to the time of amending the cross-petition herein, demurrant, Sammie Hickory, had dismissed his cause of action herein and that no judgment rendered against demurrant herein would be binding upon him.

"2. That the amended cross-petition of J. O. Campbell and J. W. Bozarth fails to state facts sufficient to constitute a cause of action in favor of the said cross-petitioners and against demurrant herein."

This demurrer was sustained, and the

cross-petition was dismissed by the district court. The portion of the judgment pertinent to this inquiry was as follows:

"The demurrer was argued by counsel and submitted to the court, and the court concludes that the defendants, J. O. Campbell and J. W. Bozarth, cannot maintain their cross-petition against the plaintiff, Sammie Hickory, a minor, and G. C. Spillers, his guardian ad litem, for the reason that the cross-petition cannot be maintained against the said mnor to quiet title as against him, and the court does not consider the merits of the controversy in any other respect 'except that it concludes that the cross-petition cannot be maintained to quiet title against the. said Sammie Hickory, minor plaintiff.

"It is ordered, adjudged, and decreed by the court that the demurrer of Sammie Hickory, appearing herein by and through G. C. Spillers, guardian ad litem, be, and the same is hereby, sustained on the sole ground that the defendants cannot maintain a cross-petition against said minor to quiet their title against him during his minority. * * *

"The court further adjudges and decrees that the cross-petition, as the same is amended and supplemented herein, of the said defendants, J. O. Campbell and J. W. Bozarth, be, and the same is hereby, dismissed upon the sole ground that the said defendants cannot maintain a cross-petition against the plaintiff, Sammie Hickory, a minor, acting herein by and through G. C. Spillers, his guardian ad litem, to quiet their title against the said minor plaintiff during his minority. * * *"

From this judgment the claimants appealed to this court, and allege as error the sustaining of the demurrer of the minor to the cross-petitions of the claimants and the dismissing of the cross-petitions of the claimants against the minor.

It appears from the pleadings that the minor owned a one-third interest in this real estate; that upon the sale of the land by the guardian one of the claimants was the highest bidder; that the county court refused to confirm the sale to him; that he appealed to the district court; that the district court made and entered its order confirming the sale and that the minor appealed to the Supreme Court.

This court, in Re Hickory's Guardianship, 75 Okla. 79, 182 Pac. 233, held that the district court was in error in refusing to hear evidence as to whether or not it was to the best interest of the minor that the lands be sold, and that that issue should have been passed upon before any order of confirmation was made. The district court then heard evidence in conformity to the mandate of the Supreme Court, directed a confirmation of the sale, and remanded the cause to the county court, and the county court confirmed the sale in accordance with the mandate of the district court.

We recognize the right of minors to appeal to the district court, as was done in this case, from an order confirming the sale, and to appeal from the order of the district court confirming the sale to the Supreme Court, and that the decision of the Supreme Court thereon would be binding and conclusive upon the minor as to all of the issues submitted by the appeal.

The record in this case shows that the county court refused to confirm the sale, the district court on appeal ordered the sale confirmed, and the Supreme Court on appeal reversed the district court for the reason that evidence had not been taken. The decision of the Supreme Court in that case is of no advantage to claimants, because it reversed the order of the district court confirming the sale. When the case went back to the district court, that court took evidence, and then directed the county court to confirm the sale.

The claimants denominate sections 810 and 684, C. O. S. 1921, the "appeal statute," and section 798, C. O. S. 1921, the "vacation statute." They present their appeal under two propositions:

"(1) These statutes have no application to orders, judgments, and proceedings had in the county court in the exercise of the probate jurisdiction of that court."

"(2) Assuming that such statutes are applied, they give to the infant only a right to proceed according to the statutes, and such right of the infant is a separate and distinct one from the right of such infant to claim an interest in the land which was sold pursuant to such judgments."

They call particular attention to the distinction between the rights of a minor to have judgments, orders, and proceedings vacated or reversed and the rights of a minor to assert a present interest in real estate adverse to the estate of the purchaser.

Sections 810 and 684, C. O. S. 1921, authorize the district court to vacate its own judgments or orders. Neither of these sections authorizes county courts to vacate or set aside decrees of sale, orders of confirmation, or guardian's deeds after the sale has been completed and the guardian's deed executed pursuant to the order of the court confirming the sale has been delivered. Jackson v. Porter et al., 87 Okla. 112, 209 Pac.

430; Welch v. Patrick et al., 133 Okla. 242, 271 Pac. 663.

In Re Johnson, 72 Okla. 174, 179 Pac. 605, it was said:

"It is generally held that probate courts, in the absence of statutory provisions conferring that authority, do not possess the power to set aside a judgment or decree confirming a sale of property of the estate of a minor or deceased person after the expiration of the term at which it was rendered, or after conveyances have been executed and the consideration thereof paid; and if any equitable grounds exist whereby the purchaser ought to be relieved from paying the amount of his bid, or by reason of which he would be entitled to have the sale set aside and recover the money paid, such relief may be obtained in a court exercising equitable jurisdiction."

The decision in Barnett v. Blackstone Coal & Mining Co., 60 Okla. 41, 158 Pac. 588, holding that county courts have such authority, was expressly overruled in Re Johnson, supra.

The Legislature has not seen fit to provide for an appeal from the actions of a guardian in executing a guardian's deed. This is doubtless due to the limitation upon the jurisdiction of the county court provided by section 12, art. 7, of the Constitution.

The legal title passes by the execution and delivery of a guardian's deed after confirmation of sale. After that time there is involved equity in favor of the purchaser of the land. The purchaser is not before the county court, and there is no procedure to bring him before that court. The county court has no jurisdiction in matters involving the title to land. Hence the county court has no jurisdiction, and a controversy can be determined only between the minor and the purchaser of his land in a court exercising general jurisdiction.

The only appeal authorized in guardianship matters is to the district court in those instances specified in section 1410, C. O. S. 1921, and from the district court to the Supreme Court under the general appeal statutes. The appeal must be by the parties as defined in sections 1411 and 1412, C. O. S. 1921. The appeal must be taken within the period provided by section 1413, C. O. S. 1921, and no provision is made for an extension of time for appeal by reason of any disability. No provision is made for an appeal from the county court to the Supreme Court. Lucas v. Lucas, 34 Okla. 284, 125 Pac. 481. Section 798, O. O. S. 1921, has no application to guardianship proceedings.

In Balbridge et al. v. Smith et al., 76 Okla. 36, 184 Pac. 153, the court, by inadvertence, used language which might be construed to be in conflict with the rule just stated. In the body of the opinion, the court said:

"The plaintiff could acquire no greater right by this proceeding than was obtained in the probate proceeding. The plaintiff could not defeat the right of the minors to appeal, nor prevent them from attacking the probate proceedings on the ground of fraud, by this kind of an action."

"A judgment based upon a decree of court, which was a fraud in the selling of minor property, will convey no new right, nor will the party derive any additional benefit therefrom, nor can he strengthen his title by such a procedure, nor prevent the minor from appealing or attacking the judgment for fraud"

—and the first paragraph of the syllabus is as follows:

"A purchaser at an administrator's or guardian's sale cannot maintain an action to quiet title, and thereby attempt to indirectly defeat the right of appeal of minors, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter."

The use of language indicating the existence of a right of appeal from the county court in guardianship matters other than that provided by sections 1410 to 1413, supra, was not warranted and was not necessary to the determination of that case in the manner in which it was determined. There the issue raised by the minor was fraud in the guardianship proceedings and fraud in a quiet title proceeding in the U. S. District Court. It was not necesary for this court to consider the right of appeal. It was only necessary for this court to hold that a right of a minor to attack a proceeding for fraud in the inducement could not be defeated by an action to quiet title during the continuance of the disability. The decision was that the suit could not be maintained. The statement with reference to appeal was dictum. The court was not called on to determine whether or not a minor could appeal. There was no question of appeal before the court.

This error was carried into the opinions in Cochran v. Barkus, 112 Okla. 180, 240 Pac. 321, and Shirk, Guardian, v. McGinnis, 116 Okla. 93, 243 Pac. 214.

We discuss the right of appeal here for the reason that the claimants contend that the rule applied in this case is not properly applied to probate matters because

there is no right of appeal under the facts shown in this case.

In Cochran v. Barkus, supra, the rule announced in Balbridge v. Smith et al., supra, was applied in the following language:

"We think it clear, from a careful review of the record in this case, that the plaintiff was without authority under section 798. C. O. S. 1921, to bring an action to quiet title against the defendant while he was still a minor, the object to be accomplished by his action to quiet title being to foreclose the right of the defendant to attack the judgment on appeal within the time limited by law."

There is nothing in the language of section 798, supra, to warrant such a statement.

In the early case of Welch v. Barnett et al., 34 Okla. 166, 125 Pac. 472, this court held that:

"The term 'civil cause,' as used in Comp. Laws 1909, section 3989, which provides that in the trial of such causes in the county court the pleadings and practice shall be the same as that of the district court, does not include matters arising in the exercise of the probate jurisdiction of the county court. There is a distinction between 'civil causes' and cases arising under the probate jurisdiction of the county court under the classification of sections 15 and 16 of art. 7 of the Constitution, providing for appeals from the county court to the Supreme Court and to the district court."

Section 3174, C. O. S. 1921, makes the pleadings, practice, and procedure of the district court applicable to civil and criminal matters in the county court, but there is no statute making them applicable to probate matters in the county court.

In Shirk, Guardian, v. McGinnis, supra, the guardian procured a sale of the land, executed and delivered a deed, and received the purchase price. She then appealed to the district court. That court dismissed the appeal, and this court held that the appeal was properly dismissed, for the reason that the guardian could not maintain an appeal under the circumstances shown to exist.

In the opinion this court said:

"The legal right of a minor to have a judgment adversely affecting his property rights reviewed, either on appeal or by a proceeding in equity for fraud, is not involved here, and the rule announced does not deprive a minor of any such right."

That was a distinct holding that there was no proper appellant and that the rights of the minor had not been prejudiced by reason thereof.

This court then added, by way of dictum, the following:

"Such minor may not be regarded as in default merely because the guardian or some one has omitted to file objections to the return of sale; and under the rule announced by this court in the cases of Cochran v. Barkus, 112 Okla. 180, 240 Pac. 321, Balbridge et al. v. Smith et al., 76 Okla. 36, 184 Pac. 153, and Sawyer v. Ware et al., 36 Okla. 139, 128 Pac. 273, could appeal under the provisions of section 798, C. O. S. 1921, for the purpose of correcting errors and irregularities occurring in such sale at any time within six months after the arrival of the minor at majority, or in a proper case, he could, prior to his arrival at majority, set the judgment aside for fraud extraneous to the record."

The statement that the judgment could be set aside by the county court for fraud extraneous to the record is in direct conflict with the decisions of this court. It was inadvertently made, and is overruled. This question is discussed at length herein.

The statement that the minor could appeal is in direct conflict with the rule quoted in that case:

"It may be conceded, under the authority of the case of Welch v. Barnett, 34 Okla. 166, 125 Pac. 472, that the pleading, practice, and procedure of civil and criminal cases in the county court have no application to matters arising in the exercise of the probate jurisdiction of that court."

Section 798, C. O. S. 1921, is a part of the Code of Civil and Criminal Procedure, and it has no application to probate proceedings.

If there were no other reason, we would hold that the district court has no greater power or authority on appeal than the county court from which the appeal was taken. Since the county court cannot vacate or set aside such an order after deed is delivered, the district court, in a trial de novo on appeal, cannot set aside such an order.

These cases are expressly overruled in so far as they hold that a minor may appeal from the county court in probate matters other than as provided by sections 1410 to 1413, supra.

The county court being without authority to vacate or set aside decrees of sale, orders of confirmation. or guardian's deeds after the sale has been completed and the guardian's deed executed pursuant to the order of the court confirming the sale has been delivered, and the right of appeal from the county court in a guardianship

proceeding being limited to a right of appeal to the district court, and from the district court to the Supreme Court, and there being no provision for an extension of time for appeal from the county court by reason of a disability, some procedure is necessary to protect the rights of the minor. That remedy is a proceeding in the district court.

Where the rights of innocent purchaser for value do not interfere, the district court has power to vacate and annul orders and judgments of the county court for fraud in the inducement entering into the rendition of the judgment or order when such fraud is extraneous to the issues in the proceedings attacked. Southwestern Insurance Co. v. Holt, 88 Okla. 281, 213 Pac. 80; Haddock v. Bronaugh, 92 Okla. 197, 218 Pac. 848; Jones v. Snyder, Guardian, 121 Okla. 254, 249 Pac. 313; Courtney v. Daniel, 124 Okla. 46, 253 Pac. 990; In re Johnson, supra; Cochran v. Barkus, supra.

Claimants rely upon Jackson v. Porter, supra, as an authority for their contention. They overlook much of that decision that is against them. There it was said:

"The appellant contends that if the county court, exercising its probate jurisdiction, is without authority to hear and determine this proceeding, the appellant is without a remedy and has been deprived of her property without due process of law. There is no merit in this contention. If the proceedings are absolutely void, the appelant may maintain an ejectment action in the district court for possession of the premises, and if the appellee pleads her title by reason of the probate sale, and it appears that the contention of the appellant is true that the title is void, the appellant has the right to attack the same in such an action, for the reason that a void sale is subject to a collateral attack; but if the sale is merely voidable and the appellant is entitled to the recovery of the lands upon equitable grounds, the district courts of this state are vested with jurisdiction, being courts of general equitable jurisdiction, to grant the appellant such relief as she may be entitled to under the facts as they appear from the evidence. In the case of In re Johnson et al., supra, this court held:

"'The jurisdiction to cancel orders and judgments of the county courts of this state, fraudulently obtained, is possessed by the district and superior courts, which are courts of general jurisdiction, possessing inherent powers of a court of equity. Leonard v. Childers, 67 Okla. 222, 170 Pac. 249; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Johnson v. Filtsch, 37 Okla. 510, 138 Pac. 165; Elrod v. Adair, 54 Okla. 207, 153 Pac. 660.'"

This court, in Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273, had under consideration the right to maintain an action to quiet title to land acquired through a foreclosure suit against claims of error alleged to exist in the foreclosure proceeding. After full consideration, this court held that the action would not lie, for the reason that an action to quiet title cannot be used indirectly to defeat the right of appeal, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter. In support of the doctrine announced, the court, in an able opinion by Commissioner Ames, said:

"It is true that section 6121 of Comp. Laws of 1909 provides that 'action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.' But this must be construed in connection with the other statutes, and where the party claiming the adverse right has the right of appeal to this court, and where that right has not expired, it seems elementary that this action cannot be brought when its only effect is to abridge or destroy that right of appeal."

The effect of this opinion is that an action to quiet title cannot be used for the purpose of depriving minors of rights growing out of the former proceedings.

The right of a minor to institute and maintain a suit in the district court for the recovery of his estate which has been sold by a guardian continues for three years after the termination of the guardianship (section 1496, C. O. S. 1921); for five years after the date of the recording of the deed (subdivision 2, section 183, C. O. S. 1921); and for two years after the disability is removed (section 184, C. O. S. 1921). That right is a material, subsisting, valid right given to the minor by the statutes of Oklahoma.

The effect of a judgment against a minor quieting title to the real estate so purchased against the claims of the minor growing out of the probate sale procedure would be one of four things: It would be a useless thing; it would be res judicata as to the rights of the minor; it would destroy the effect of the statutes of limitations hereinabove referred to, or it would be ineffective because of the right of appeal.

Claimants contend that the Kansas practice should be followed and that such a judgment should provide, as was provided

in Huls v. Gafford Lumber & Grain Co., (Kan.) 243 Pac. 306:

"* * * But nothing determined in this action is to be construed to the prejudice of any redress which law or equity may afford the grantors of this entailed estate or their personal representatives."

With this provision in the judgment no serious harm would be done to the minor, but such a judgment would be a useless thing, and in view of the fact that this court has heretofore taken a contrary position in the determination of this question, we do not feel justified in laying down a rule that would result in the rendition of a useless judgment.

If the judgment was not limited, it would be a general judgment and in direct conflict with the established rule of res judicata growing out of the rendition of a judgment. Certainly no such practice is advisable.

With the institution of such a suit the defendant would be required to answer or suffer judgment to be rendered against him. If he stood upon his legal rights to institute an action and refused to plead, a judgment would go against him. If he pleaded, the effect would be to destroy the force of the statute of limitations enacted for the protection of the minor. This court will not, by judicial decree, destroy valid legislative acts providing for limitation of actions.

Should such a judgment be rendered by the district court, the minor would have the right of appeal therefrom, and under the provisions of section 798, supra, that right would continue for six months after the disability was removed.

This court applied the doctrine announced in the case of Sawyer v. Ware, supra, to a guardianship proceeding. Balbridge v. Smith, supra.

The claimants contend that that was an erroneous application of the rule, for the reason that there is no right of appeal from the probate court to be cut off by the judgment quieting the title. We agree that no right of appeal exists, but, as that opinion points out, the minor has the right to attack the probate judgments and orders for fraud. We think the rule was properly applied to the facts in that case. As the court said, a judgment quieting the title to real estate, which was based upon a decree of court fraudulently obtained, will convey no new right, nor will the party derive any additional benefit therefrom. If the minor has any rights in the property after the execution

and delivery of the guardian's deed, those rights cannot be taken away from him through an action to quiet title during the time his disability continues.

Claimants criticise the application of this rule as made in Cochran v. Barkus, supra. In discussing that case they say that Jackson v. Porter, supra, overruled Balbridge v. Smith, supra, even though it was not expressly overruled, and then they say that Cochran v. Barkus, supra, overlooked Jackson v. Porter, supra. We do not agree with this contention. Jackson v. Porter, supra, does not in any way affect the rule followed in Balbridge v. Smith, supra, and Cochran v. Barkus, supra, follows the rule announced in Balbridge v. Smith, supra, which rule has been in force in Oklahoma since 1919.

This rule was in effect at the time claimants acquired their title to this property. They took with knowledge of it. They took subject to it. They cannot now complain of the application of the rule to them.

Attention is called by claimants to Manuel v. Kidd, 126 Okla. 71, 258 Pac. 732, as being a case where this court entertained jurisdiction of an ejectment suit brought by the purchaser of land at a guardian's sale against the infant and permitted such purchaser to recover the possession of the land so purchased. An examination of that case discloses that the answer of the minor therein alleged that the guardian's deed sued on was void and of no force and effect for reasons therein set forth, and the authority of the court to quiet the title during minority was not questioned. The minor had a right to attack the probate proceedings and the statutory time in which to do so. The minor waived the statutory time and filed an answer making his attack in that case. This the minor had a right to do. The minor was not compelled to wait until after majority to set up a defense in the proceeding, and having set up the defense in the proceeding, cannot thereafter claim that he did not have his day in court. Doubtless, had the attention of the trial court been called to the rule of law herein announced, it would have been applied in that case. For that reason, that case is not an authority on the question under consideration here.

This court does not intend to hold, and does not hold, that the purchaser of land at a guardian's sale may not maintain an action against a minor to quiet title against clouds on the title created subsequent to the execution and delivery of the guardian's deed. There are many instances where such a proceeding may be maintained. The rule followed in this case is limited to those

cases where the cloud on the title was created by or grew out of the guardianship proceedings through which the title to the land is claimed.

The judgment of the trial court is in conformity to the settled practice in this state and follows the rule adopted by the court. There was no error therein, and the same is affirmed.

LESTER, V. C. J., and HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., and CLARK, J., absent.

RILEY, J., not participating.

HUNT, J., disqualified, having appeared as counsel for one of the parties to this appeal in Re. Hickory's Guardianship, 75 Okla. 79, 182 Pac. 233, cited and referred to herein, not participating.

Note.—See "Courts" 15 C. J. §443, p. 1023, n. 91, 93; §600, p. 1144, n. 55. "Guardian and Ward," 28 C. J. §344, p. 1197, n. 18; §345, p. 1197, n. 25.