

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 13, 1990

Honorable Carl A. Parker
Chairman
Education Committee
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No. JM-1244

Re:  Jurisdiction of the 356th District Court over probate matters  (RQ-2040)

Dear Senator Parker:

You ask  whether the  356th  District Court  of  Hardin County has jurisdiction of probate matters.

Section 24.502 of the Government Code provides for  the creation of  the 356th  Judicial  District Court  and  makes provision for its  having concurrent  jurisdiction with  the county court in designated  types of cases.  Section  24.502 states:

> (a)   The 356th Judicial District is composed of Hardin County.
>
> (b)   The 356th District Court has concurrent jurisdiction <u>over  all matters  of civil  and criminal jurisdiction</u>, original  and  appellate, <u>in cases  over which  the county  court has jurisdiction</u> under  the constitution  and laws of this state.  Matters and  proceedings in the concurrent  jurisdiction of the  356th District Court and  the county  court may  be filed in  either  court,  and  all  cases  of concurrent jurisdiction  may  be  transferred between the  356th  District  Court  and  the county court.  (Emphasis added.)

The matter  of whether  the  356th District  Court  has jurisdiction of probate cases turns on whether the  granting to the court of  concurrent jurisdiction with county  courts in civil matters vests the court with probate jurisdiction. The issue becomes one of whether probate jurisdiction  comes within the ambit of civil jurisdiction under your scenario.

Section 8 of article V of the Texas Constitution provides the jurisdiction of a district court

> consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.

Section 16 of article V of the Texas Constitution addresses the matter of the jurisdiction of county courts. It delineates the county court's original civil and criminal jurisdiction as well as its appellate jurisdiction in civil and criminal matters of which justice courts have original jurisdiction. Section 16 further provides the "County Court shall have the general jurisdiction of a Probate Court," specifically setting forth such matters as probating wills, appointing guardians, granting letters of administration, etc., as provided by law.

Section 29 of article V of the Texas Constitution also treats the civil, criminal and probate jurisdiction of county courts separately. Section 29 provides that the county court "shall hold at least four terms for both civil and criminal business" annually. In separately addressing the county court's jurisdiction over probate matters, section 29 states that "Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law."

While we have found no Texas cases which have addressed the matter, opinions of courts from other jurisdictions support our conclusion that "civil causes and actions, civil suits and civil cases do not include any case arising under the county court's probate jurisdiction." _Campbell v. Hickory_, 278 P. 1088 (Okla. 1929); _Gary v. McKnight_, 150 P. 1046 (Okla. 1915); see _Appeal of Slattery_, 96 A. 178 (Conn. 1915); _State v. Mann_, 45 N.W. 526 (Wis. 1890).

A review of jurisdiction vested in the numerous statutory county courts of this state reflects that the legislature treats civil, criminal and probate jurisdiction separately. Gov't Code ch. 25.

Section 5 of the Probate Code provides the circumstances in which the district court may acquire jurisdiction in contested probate matters. Subsection (b) of section 5 provides in pertinent part:

In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, limited guardianships, and mental illness matters shall be filed and heard in the county court, <u>except that in contested probate matters, the judge of the county court may on his own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court, which may then hear contested matter as if originally filed in district court</u>. The county court shall continue to exercise jurisdiction over the management of the estate with the exception of the contested matter until final disposition of the contested matter is made by the assigned judge or the district court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court. <u>Upon resolution of all pending contested matters, the contested portion of the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court</u>. (Emphasis added.)

The granting of concurrent jurisdiction in civil and criminal matters over which the county court has jurisdiction to the 356th District Court does not vest the court with original probate jurisdiction. Its jurisdiction is limited to contested probate matters that may be transferred to the district court pursuant to subsection (b) of section 5 of the Probate Code.

## S U M M A R Y

The 356th Judicial District Court of Hardin County's jurisdiction over probate matters is limited to contested probate

matters that may be transferred to the district court pursuant to subsection (b) of section 5 of the Probate Court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General