Honorable Carl A. Parker Chairman Education Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Jurisdiction of the 356th District Court over probate matters (RQ-2040)
Dear Senator Parker:
You ask whether the 356th District Court of Hardin County has jurisdiction of probate matters.
Section 24.502 of the Government Code provides for the creation of the 356th Judicial District Court and makes provision for its having concurrent jurisdiction with the county court in designated types of cases. Section 24.502 states:
(a) The 356th Judicial District is composed of Hardin County.
 (b) The 356th District Court has concurrent jurisdiction over all matters of civil and criminal jurisdiction, original and appellate, in cases over which the county court has jurisdiction under the constitution and laws of this state. Matters and proceedings in the concurrent jurisdiction of the 356th District Court and the county court may be filed in either court, and all cases of concurrent jurisdiction may be transferred between the 356th District Court and the county court. (Emphasis added.)
The matter of whether the 356th District Court has jurisdiction of probate cases turns on whether the granting to the court of concurrent jurisdiction with county courts in civil matters vests the court with probate jurisdiction. The issue becomes one of whether probate jurisdiction comes within the ambit of civil jurisdiction under your scenario.
Section 8 of article V of the Texas Constitution provides the jurisdiction of a district court consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.
Section 16 of article V of the Texas Constitution addresses the matter of the jurisdiction of county courts. It delineates the county court's original civil and criminal jurisdiction as well as its appellate jurisdiction in civil and criminal matters of which justice courts have original jurisdiction. Section 16 further provides the "County Court shall have the general jurisdiction of a Probate Court," specifically setting forth such matters as probating wills, appointing guardians, granting letters of administration, etc., as provided by law.
Section 29 of article V of the Texas Constitution also treats the civil, criminal and probate jurisdiction of county courts separately. Section 29 provides that the county court "shall hold at least four terms for both civil and criminal business" annually. In separately addressing the county court's jurisdiction over probate matters, section 29 states that "Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law."
While we have found no Texas cases which have addressed the matter, opinions of courts from other jurisdictions support our conclusion that "civil causes and actions, civil suits and civil cases do not include any case arising under the county court's probate jurisdiction." Campbell v. Hickory, 278 P. 1088 (Okla. 1929); Gary v. McKnight, 150 P. 1046 (Okla. 1915); see Appeal of Slattery, 96 A. 178 (Conn. 1915); State v. Mann, 45 N.W. 526
(Wis. 1890).
A review of jurisdiction vested in the numerous statutory county courts of this state reflects that the legislature treats civil, criminal and probate jurisdiction separately. Gov't Code ch. 25.
Section 5 of the Probate Code provides the circumstances in which the district court may acquire jurisdiction in contested probate matters. Subsection (b) of section 5 provides in pertinent part:
 In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, limited guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court, which may then hear contested matter as if originally filed in district court. The county court shall continue to exercise jurisdiction over the management of the estate with the exception of the contested matter until final disposition of the contested matter is made by the assigned judge or the district court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court. Upon resolution of all pending contested matters, the contested portion of the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court. (Emphasis added.)
The granting of concurrent jurisdiction in civil and criminal matters over which the county court has jurisdiction to the 356th District Court does not vest the court with original probate jurisdiction. Its jurisdiction is limited to contested probate matters that may be transferred to the district court pursuant to subsection (b) of section 5 of the Probate Code.
 SUMMARY
The 356th Judicial District Court of Hardin County's jurisdiction over probate matters is limited to contested probate matters that may be transferred to the district court pursuant to subsection (b) of section 5 of the Probate Court.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General