## CRAVENS v. LOWE.

No. 16219—Opinion Filed March 23, 1926.

**Guardian and Ward—Order Allowing Guardian and Attorney Fees—Direct Attack by Action of Ward to Set Aside Order—Sufficiency of Petition.**

An action filed by a ward in the original guardianship proceedings pending in the county court to set aside and vacate a portion of an order allowing certain fees which have not been paid to the guardian and to an attorney representing the guardian, in the guardianship proceedings, within one year after attaining majority is a direct attack upon the judgment or order sought to be set aside or vacated, and where the petition sets forth the facts concerning the transaction, and alleges that the fees allowed to the guardian and attorney are exorbitant, unreasonable, and excessive, the petition states a cause of action and is good as against a demurrer.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Petition by Lucy McDaniel Lowe to set aside order in favor of her former guardian, J. O. Cravens, and another. From an adverse judgment, Cravens appeals. Affirmed.

W. E. Disney and John Wheeler, for plaintiff in error.

Linebaugh, Pinson & Fite, for defendant in error.

Opinion by JONES, C. This is an appeal from a judgment of the district court of Muskogee county, wherein judgment was

rendered affirming the judgment of the county court of Muskogee county, setting aside and vacating a certain order of the county court theretofore made in a guardianship proceeding. The suit originated in the county court of Muskogee county, and the plaintiff, Lucy McDaniel Lowe, sought to have set aside and vacated a certain order of the county court, wherein the county court directed J. O. Cravens, appellant here, who was at that time the guardian of the appellee, Lucy McDaniel Lowe, to pay to himself the sum of $10,000 as compensation for services rendered as guardian, and to pay to H. E. Shipley, as attorney of said guardian, the sum of $12,500 for services rendered, and further providing that $5,000 of the amount allowed the guardian, J. O. Cravens, should be paid in cash, and $7,500 should be paid in cash to the attorney, H. E. Shipley, and $5,000 additional to be paid to each of said parties in the event oil or gas was produced in paying quantities on a certain 80-acre tract of land belonging to the minor, Lucy McDaniel Lowe, which had been leased for oil and gas to the Carter Oil Company, by the guardian, J. O. Cravens, and it is the latter portion of the order directing the payment of contingent fees of $5,000 each to J. O. Cravens, as guardian, and H. E. Shipley, as attorney, that this cause seeks to have set aside and vacated.

The defendant in the trial court interposed a demurrer to plaintiff's petition, which was by the court overruled, and the defendant elected to stand upon his demurrer, and gave notice of appeal, and the court thereupon rendered judgment in favor of the plaintiff and against defendant setting aside, vacating, and holding for naught that portion of the order of the county court authorizing the collection of the sum of $5,000 each by the defendants herein, based upon the contingency of the production of oil or gas in paying quantities on the lands of the minor, Lucy McDaniel Lowe, which had been leased to the Carter Oil Company. The only assignment of error is—

"That the trial court erred in overruling the demurrer of plaintiff in error, defendant below; that said judgment overruling said demurrer was prejudicial to the rights of the plaintiff in error."

This case was instituted by the plaintiff, Lucy McDaniel Lowe, in the county court where the guardianship proceedings were had, and within one year after having reached her majority, and aside from the order heretofore referred to, plaintiff further alleges:

"That the court was imposed upon in se-

curing the said order, and that in truth and in fact there was no proper basis for the allowance of the fees of the amount specified: * * * that the said guardian and the said attorney in an ex parte proceeding, where this petitioner was not represented, secured by a proceeding adverse to the interest of the minor and not in good faith, the allowance of the fees mentioned, which are exorbitant, unreasonable, and excessive, and beyond the jurisdiction of the court."

The record further discloses that the granting of the order here sought to be set aside grew out of a trust, wherein the guardian, Cravens, represented by the attorney, Shipley, leased 80 acres of land belonging to the ward, appellee here, to the Carter Oil Company for a bonus of $100,000, $50,000 to be paid in cash and $50,000 to be paid out of production in the event the leasehold proved to be productive of oil or gas. It appears that no production was had during the minority of the ward, and hence the additional $50,000 as a part of the bonus had not been paid during her minority, and the contingent fee of $5,000 each to the appellants likewise had not been paid.

Appellants contend that the order granting the fees here sought to be set aside was not appealed from, and therefore became a final order and judgment, and is not subject to the character of attack here made. Assuming, without deciding, an order granting a guardian and an attorney, representing the guardian, fees based upon contingent and prospective profits that may be received by the ward, and not based upon services actually rendered by such guardian and attorney, to be a valid judgment, we think the same would be subject to the attack here made.

Section 6583, C. S. 1921, provides:

"In all cases the court making the appointment of the guardian has exclusive jurisdiction to control them in the management and disposition of the person and property of his ward."

And section 1455, Id., provides:

"Every guardian must manage the estate of his ward frugally and without waste," etc.

And section 684, Id., provides:

"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of 21 years, may show cause against such order or judgment."

As heretofore stated, this action was instituted within the one-year limitation, and

was a direct attack upon the judgment here sought to be set aside, and we think the facts set forth in plaintiff's petition showing the nature and character of this transaction, the amount involved, the amount received and to be received by the ward, and the amount received and to be received by the guardian and attorney, which amounted to $22,500, together with the allegations that the allowance of the fees mentioned are exorbitant, unreasonable, and excessive, states a good cause of action, and we therefore find no error in the action of the court in overruling the demurrer interposed by the defendant to the petition of the plaintiff. Finding no error, the judgment of the trial court in overruling the demurrer is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1241 § 413.