**HAYMES et al. v. McDERMOTT et al.**

No. 17124. Opinion Filed April 19, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Indians—Jurisdiction to Partition Lands of Full-Bloods and Bring in Unknown Heirs.**

Under the Act of Congress of 1918, the district courts of Oklahoma have jurisdiction to partition real estate of full-blood Indians and have jurisdiction to bring in all unknown heirs and render judgment that will be conclusive against all claimants.

2. **Same—Binding Effect of Judgment Against Unknown Minor Heirs Without Guardianship Ad Litem.**

When unknown heirs are made parties to a partition proceeding under the Act of Congress of 1918, it is not necessary to appoint a guardian ad litem for possible unknown minor heirs, and the judgment is binding against such minor heirs without such appointment, unless set aside under sections 256 or 684, C. O. S. 1921.

3. **Ejectment—Plaintiff to Recover Upon Strength of Own Title.**

It is a well settled principle of law that the plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of the title of his adversary.

4. **Appeal and Error—Questions of Fact—Finding of Indian Heirship of Plaintiff Sustained.**

The trial court found that the plaintiff was an heir of the original allottee. The record has been examined; held, that the evi-

dence reasonably supports the findings of the trial court.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Jesse McDermott against Frank L. Haymes and others. Judgment for plaintiff, and Haymes and certain other defendants bring error. Affirmed.

Randolph, Haver, Shirk & Bridges, O. L. Rider, and H. M. Gray. for plaintiffs in error.

Frank L. Montgomery, for defendants in error.

HEFNER, J. This was an action by Jesse McDermott to recover an undivided one-half interest in a certain tract of land and to have the land partitioned and to adjudicate the heirship of Willie Thompson, deceased. allottee.

Plaintiff was a full-blood Creek Indian, and the action is based on the Act of Congress of June 14, 1918, for the partition of land. He claimed that he was one of the heirs of the original allottee and owned a one-half interest in said land, and was therefore entitled to have the same partitioned.

The defendants denied that plaintiff was an heir of the original allottee. and the question of heirship was the controlling issue in the trial. It is conceded by all parties that defendants have an undivided one-half interest in the land.

The trial court found that the plaintiff was an heir of the allottee and was entitled to recover a one-half interest in the land and to have the land partitioned.

The action was also against the unknown heirs of Willie Thompson as well as the defendants, and plaintiff proceeded according to the Oklahoma statutes in bringing the unknown heirs into the action by publication, but no guardian ad litem was appointed for any possible unknown minor heirs.

The deceased allottee, Willie Thompson, died intestate, unmarried, and without issue on the 28th day of June. 1903. The land descended one-half to the blood of the father and one-half to the blood of the mother. It is claimed that the plaintiff was the son of Daniel Thompson, who was the brother and the heir of Jesse Thompson, the father of the allottee. The controversy of fact turned upon the question of whether Jesse McDermott was the son of Daniel Thompson. and the trial court, under the evidence, though conflicting, found that the plaintiff was the son of Daniel Thompson and the heir of Jesse Thompson and that he inherited one-half of the land.

It is unquestionably true that the defendants own an undivided one-half interest in the land in controversy. The only question at issue was whether the plaintiff was the owner of the other one-half interest. Defendants further claimed that plaintiff was not entitled to recover an undivided one-half interest in the premises as against the defendants unless the judgment obtained wou.d be effective to exclude all other claimants, including the unknown heirs of Willie Thompson. deceased. They are correct in this contention. If this were not true, then the one-half interest, or a portion thereof set apart to the defendants, might later be taken away from them by some person who claimed to be an heir of the original allottee. The defendants are entitled to a judgment that will bar all claimants as to their one-half interest in the land.

As has been stated, this suit is based on the second section of the Act of Congress of June 14, 1918, which section is as follows:

"The lands of full-blood members of the Five Civilized Tribes are hereby made subject to the laws of the state of Oklahoma, providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian or conveyed to him upon his election to take the same at the appraisement. shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. In case of a sale under any decree, or partition, the conveyance thereunder shall operate to relieve the land described of all restrictions of every character," together with such other laws and statutes in such cases made and provided.

This act is embraced in two sections: the first provides for suits by county courts to determine heirship and permitting unknown heirs to be brought in, and the second authorizing a partition of full-blood Indian lands under the Oklahoma law of partition. The effect of the second section is to apply the Oklahoma law of partition to full-blood Indian lands. The first part of this section specifically states that "the lands of full-blood members of any of the Five Civilized Tribes are hereby made subject to the laws of the state of Oklahoma provided for the partition of real estate."

Article 16, C. O. S. 1921, deals with the subject of partition of real estate. Section 480 of this article provides as follows:

"If the number of shares or interests is known, but the owners thereof are unknown, or if there are, or are supposed to be, any interests which are unknown, contingent or doubtful, these facts must be set forth in the petition with reasonable certainty."

Section 250, C. O. S. 1921, deals with the question of service by publication. and provides that in actions which relate to, or the subject of which is, real or personal property, where any defendant has, or claims, a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding him from any lien or interest therein, the unknown heirs and their representatives may be made defendants. When Congress adopted the laws of the state of Oklahoma providing for the partition of real estate, it was undoubtedly the intention to adopt these statutes authorizing the bringing in of unknown heirs in accordance therewith.

The plaintiff in the instant case complied with the Oklahoma law and did make the unknown heirs parties, but no guardian ad litem was appointed for any possible unknown minor heirs. The defendants make the following contentions:

"1st. That since the suit was an action in ejectment, as well as a suit for partition, plaintiff did not establish his title sufficiently to sustain a recovery in ejectment.

"2nd. That by reason of the failure to have a guardian ad litem appointed for any possible minor heirs, the judgment is not conclusive as to all the necessary parties.

"It is apparent that this action is in the nature both of a partition and an ejectment suit, and requires a determination of heirship. The action has three purposes: First, a determination of heirship; second, partition; and third, ejectment."

Two questions are therefore presented to us: First, can proceedings under the second section of the Act of Congress of 1918 result in a valid judgment against any possible unknown heirs of Willie Thompson, the original allottee? Second, for the judgment to become conclusive against an unknown minor heir is it necessary that a guardian ad litem be appointed? These questions are of great practical importance to the people of this state.

In passing the above act, we think it was the intention of Congress to give to the courts of Oklahoma jurisdiction of all matters necessary to render a judgment binding on all claimants to the property involved, including unknown heirs, and when the unknown heirs are made parties to the suit under the laws of Oklahoma, we think that it was the intention to give to the courts of Oklahoma jurisdiction to render a decree conclusive against such unknown heirs. We therefore hold that the court had jurisdiction to bring in the unknown heirs of Willie

Thompson, deceased. and that the judgment rendered by the court is binding upon all adult unknown heirs, unless the same be set aside under section 256, C. O. S. 1921, which provides as follows:

"A party against whom a judgment or order has been rendered. without other service than by publication, * * * may, at any time within three years after the date of the judgment or order, have the same opened, and. be let in to defend."

We will next consider the question: Is it necessary to appoint a guardian ad litem for any possible unknown minor heirs?

In the instant case the allottee died in 1903. There might now be possible minor unknown heirs, but it is not probable that such is the case. It is never the intention of the law to require the court to do a useless thing. The Supreme Court of Arkansas in the case of Kountz et al. v. Davis, 34 Ark. 590, said:

"It is objected that guardians ad litem should have been appointed for Mrs. Davis' children or heirs, and without that no decree should have been made. Although the heirs of Mrs. Davis were said in the complaint to be her children, and infants at the time of her death. it was also alleged that their names and the number of them were unknown, and the suit was brought against them as unknown heirs. As their number and names were unknown, it was not practicable to appoint guardians. and they were in fact unknown heirs."

Under our law, the minor is protected in two ways. In the first place, under section 256, C. O. S. 1921, supra, a defendant has three years after the date of judgment to have the same opened and be let in to plead. In the second place, section 684, C. O. S. 1921, provides as follows:

"It shall not be necessary to reserve, in a judgment or order. the right of an infant to show cause against it after his attaining full age; but in any case, in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment."

This statute gives any minor claimant, including restricted Indians, one year after arriving at majority to show cause against any order or judgment rendered during minority. We think these statutes amply protect an unknown minor heir. We further think it would be requiring the court to do a useless thing to appoint a guardian ad litem for unknown minor heirs. We therefore hold that the judgment rendered in the instant case is conclusive against all unknown heirs,

including any possible minor restricted Indians, unless the same is set aside under section 256 or 684, supra.

The law is well settled that in a suit in ejectment the plaintiff must recover upon the strength of his own title and not upon the weakness of the title of his adversary. It is contended by the defendants that the plaintiff is not an heir of the original allottee. If he is not, he, of course, could not recover in this action. The trial court, however, heard the evidence and found as a matter of fact that the plaintiff was an heir of the original allottee. We have read the record, and think there is sufficient evidence to reasonably support the findings of the court in this particular. The defendant in error complains of the judgment of the lower court because the court denied him the right to participate in the improvements on the lands in controversy. We think, under the facts of this case, the court committed no error in denying him this right. The judgment of the trial court is therefore in all things affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK and RILEY, JJ., concur.

Note.—See under (1, 2) 31 C. J. p. 543, §147. (3) 19 C. J. p. 1039, §14. (4) 4 C. J. p. 853. §2834; anno. L. R. A. 1918F, 252; 9 R. C. L. p. 883; 4 R. C. L. Supp. p. 629; 5 R. C. L. Supp. p. 530.