## JOHNSON v. GRISSO et al.

No. 18152.   Opinion Filed Oct. 18, 1927.

Rehearing Denied Jan. 17, 1928.

(Syllabus.)

**Indians—Descent and Distribution—Devolution of Allotment of Wife Dying Before Statehood Leaving Husband and Two Minor Children—Surviving Child as Sole Heir of Brother Dying After Statehood.**

The land in this case was allotted to Lizzie Johnson, a full-flood Seminole Indian. She died intestate shortly before statehood. Billy Johnson, her husband, and Thomas Johnson and Wisner Johnson, two minor children, survived her. Subsequent to the death of Lizzie Johnson and after statehood, while yet a minor and without having been married, Wisner Johnson died intestate and left surviving him his father and brother. Held, that on the death of Wisner Johnson subdivision 7 of section 11301, C. O. S. 1921, is the applicable statute and that his brother, Thomas Johnson, took all of the estate inherited from the mother.

Error from District Court, Seminole County; George C. Crump, Judge.

Motion by Thomas Johnson to vacate judgment of partition in favor of W. E. Grisso and another. Motion overruled, and Johnson appeals. Reversed and remanded, with directions.

Anglin & Stevenson and Blakeney & Ambrister, for plaintiff in error.

J. L. Miller, J. A. Patterson, and Robt. Burns, for defendants in error.

HEFNER, J. On June 2, 1924, G. T. Bruner, as guardian of Thomas Johnson, brought an action against W. E. Grisso in the district court of Seminole county for partition of 120 acres of land.

The land was allotted to Lizzie Johnson, a full-blood Seminole Indian, who received her allotment in her lifetime. She died intestate shortly before statehood. Billy Johnson, her husband, and Thomas Johnson and Wisner Johnson, two minor children, survived her. Subsequent to the death of Lizzie Johnson and after statehood, while yet a minor and without having been married, Wisner Johnson died intestate and left surviving him his father, Billy Johnson, and his brother, Thomas Johnson.

On the 2nd day of June, 1924, the court entered its judgment and held that on the death of Lizzie Johnson the husband, Billy Johnson, took a life estate in the land and that the fee-simple estate was inherited in equal shares by the two minor children subject to the life estate of the father. The court further held that on the death of Wisner Johnson after the advent of statehood, his brother, Thomas Johnson, was the sole heir of the land inherited from the mother and that the father inherited no part of the estate of the deceased child

An agreement to partition the land had been entered into between the guardian for Thomas Johnson and W. E. Grisso, who had acquired the title of Billy Johnson, the father. It was agreed that 60 acres of the land should go to the minor and 60 acres to Grisso. The court entered his decree and partitioned the land in accordance with the agreement.

Thomas Johnson became of age on January 30, 1926, and, within a year after he became of age, he filed a motion to vacate the judgment of partition, alleging that it was void. On a hearing of the motion the court entered an order refusing to vacate the judgment, and from that order Thomas Johnson has appealed to this court.

The contention of the plaintiff in error is that by virtue of subdivision 7 of section 11301. C. O. S. 1921. Thomas Johnson became the sole heir of Wisner Johnson upon his death in 1910, the only estate said Wisner Johnson possessed being inherited by him from his mother, Lizzie Johnson, who died October 4, 1907. Subdivision 7 is as follows:

"Seventh. If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

It is the contention of the defendant in error that Billy Johnson, the father of Wisner Johnson, deceased, was the sole heir of said Wisner Johnson by virtue of a portion of subdivision 2 of section 11301, C. O. S. 1921, which reads as follows:

"If the decedent leave no issue nor husband nor wife, the estate must go to the father or mother, or, if he leave both father and mother, to them in equal shares."

The child died under age, unmarried, and was a full brother of Thomas Johnson. A clearer understanding of the controlling application of subdivision 7 may be determined by considering the purpose of the section. If this section intends to provide for the disposition of a child's property which had gone to the child by a parent, then on the death of Wisner Johnson, Thomas Johnson became the sole heir of Wisner. We think subdivision 7, supra, deals only with the disposition of the property of a child which it has inherited from a parent when the child dies under age and unmarried and the parent left several children or one child and the issue of one or more children. If Wisner Johnson had died intestate after majority, leaving his father and brother surviving, then in that event subdivision 2, supra, would be operative and the father would be the sole heir.

The defendant in error contends that the word "decedent" in subdivision 7 means Wisner Johnson and that this section should read as follows: "If the decedent (Wisner Johnson) leave several children or one child and issue of one or more children," etc. If this contention be true, then subdivision 7 could never operate, because a minor child never leaves several children or one child and issue of one or more children, and this section can operate only under these conditions. Therefore, the word "decedent" could hardly be interpreted as referring to the minor child.

On the other hand, if you construe the word "decedent" as referring to "parent," then the statute would read: "If the parent leave several children or one child and issue of one or more children and any such surviving child dies under age and not having been married, all the estate that came

to the deceased child by inheritance from such parent descends in equal shares to the other children," etc. The word "parent" actually appears one time in the section. Nobody but a "parent" could leave several children or one child and issue of one or more children. Undoubtedly the word "decedent," as used in subdivision 7, usually refers to a deceased parent.

Lizzie Johnson having died before statehood, her husband took a life estate in the land and the two children inherited the fee subject to the life estate. No subsequent legislation could take these interests away from the heirs, because on the death of Lizzie Johnson the estate descended at once to her heirs and became vested in them in accordance with the law of descent and distribution at the time of her death. As to who are the heirs apparent of any living person is a matter to be fixed by statute and may be changed at any time before death.

On the advent of statehood the law of descent and distribution was changed and subdivision 7, supra, became operative and was in effect at the time Wisner Johnson died. In fact, on the advent of statehood, the entire scheme of descent and distribution was changed. Subdivision 7, supra, deals with the disposition of the property of a child which it has inherited from a parent when the child dies under age and unmarried and when the parent leaves several children or one child and the issue of one or more children. It makes no difference when the deceased parent died. If the property came by the parent, it must descend in accordance with subdivision 7. It therefore follows that on the death of Wisner Johnson no part of his estate went to his father, but the entire estate went to his brother, Thomas Johnson.

When the partition suit was filed the fee-simple estate was owned by Thomas Johnson and a life estate by W. E. Grisso, who had purchased the interest of the father, Billy Johnson.

Thomas Johnson, within one year after he became of age, moved to set the judgment aside, and on the refusal of the trial court to set the same aside the case was brought here. Having decided that Thomas Johnson inherited all of the interest of Wisner Johnson, we think it will be conceded that the trial court should have set aside the judgment of partition.

It is therefore ordered that the judgment of the trial court be reversed, and the cause remanded, with directions to enter an order in favor of plaintiff in error vacating the judgment and dismissing the cause.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 31 C. J. p. 524, §96.