## WELCH v. PATRICK et al.

No. 18236.   Opinion Filed Oct. 30, 1928.

Neff & Neff, for plaintiff in error.

James B. Diggs, William C. Liedtke, Redmond S. Cole, and C. L. Billings, for defendants in error Gypsy Oil Company and Gulf Pipe Line Company.

Mason, Honnold, Carter & Harper, for defendant in error Edith M. Thomas.

Curtis M. Oakes, for defendant in error O. O. Owens.

Earl A. Brown, for defendant in error Fred A. Chapman.

Hagan & Gavin, for defendants in error Peter McDonnell and James McDonnell, as executors of the estate of John V. McDonnell, deceased.

Wilcox & Swank, for defendants in error Wilbur Harrington, C. W. Pettigrew, Alta Mae Pettigrew, J. W. Focht, W. H. Wilcox, D. H. Selph, A. M. Greiner, M. J. Otey, I. O. Diggs, E. L. Moore, R. D. Laham, W. A. Thompson, W. R. Fellows, George Dollinger, L. W. Burton, and Adam Focht.

DIFFENDAFFER, C. On May 19, 1926, Jesse James Welch, by his guardian, filed in the county court of McIntosh county, his petition to vacate certain proceedings therein had in the county court in the cause of

the estate of Jesse James Welch, while a minor. This petition alleges, in substance, that Jesse James Welch had been adjudged an incompetent, and that Briscoe and Willie Welch were his duly appointed, qualified and acting guardians; that Jesse James Welch became 21 years of age September 11, 1925, less than one year before the filing of the petition; that theretofore, on February 10, 1910, an order was made purporting to appoint one C. O. Potter as guardian of Jesse James Welch; that the order appointing was void for several reasons; that Jesse James Welch was a Creek citizen whose parents were living, and Potter was not a Creek citizen, nor related to Jesse James Welch; that the petition for appointment did not allege jurisdictional facts; that no notice was given of the hearing of the petition. Also, that Potter subsequently filed a petition for the sale of the allotment of Jesse James Welch, which petition was wholly insufficient to confer jurisdiction upon the court to sell the land, in that it failed to state any grounds for the sale, but, on the contrary, it showed affirmatively that no grounds existed for such sale; that various subsequent proceedings were had, which did not comply with the provisions of the statutes governing such sale, viz., that no notice was given as required by law, nor as directed by the court; that fraudulent sale of the land was made to one Lee Patrick for a grossly inadequate sum; that the land was sold at private sale, without appraisement; that a fictitious appraisement was filed to give apparent regularity to the proceedings; that the persons whose names were signed to the appraisement never made an appraisement of the land and never signed the appraisement, were not appointed appraisers, and were not qualified to act as appraisers.

It was then alleged that the entire proceedings for the appointment of the guardian and for the sale of the land were void. The prayer was that an order be made setting a day for hearing of the petition; that all parties interested be notified; and that upon such hearing all proceedings be vacated and set aside.

An order was made setting the petition for hearing on the 2nd day of June, 1926. On June 1, 1926, an order was entered continuing the hearing to June 30, 1926, and allowing an amendment to the petition. The amendment made was, in substance, that after the appointment of Potter an order was made purporting to appoint one O. L. Clark guardian of Jesse James Welch, but that said order was void—was made without notice and without jurisdiction; that on December 9, 1914, said O. L. Clark made an oil and gas lease to one Robert H. Searcy; that the lease was made at private sale, without notice and without bidding, and that Robert H. Searcy was secretly paid back a part of the money he apparently paid into court for the lease; that said lease was a fraud upon the court and upon Jesse James Welch, and should be canceled. The petition then prayed that upon final hearing all of said proceedings be canceled. The hearing on the petition as amended was continued from time to time until January 13, 1927. In the meantime, the parties interested as respondents filed various pleas to the petition, some of them filed special appearances and motions to quash service of notice, some filed special appearance and motions to dismiss, and others filed demurrers to the petition. All of the parties appearing in opposition to the petition challenged the jurisdiction of the court to grant the relief sought. On January 13, 1927, the matter coming on for hearing on the motions and demurrers of the respondents, the court sustained the same for want of jurisdiction, and dismissed the petition for want of jurisdiction to entertain the same. Appeal was taken to the district court, and on January 31, 1928, all parties interested being present, the various motions and demurrers of respondents were presented, and the court affirmed the order of the county court. From this order and judgment, petitioner brings this appeal.

But one question is presented: Did the county court of McIntosh county have jurisdiction to entertain the petition and set aside the guardianship proceedings, and cancel all proceedings in the sale and leases of the land of Jesse James Welch? It does not appear clearly from the record in the instant case just when the order of sale was made, or when, if at all, an order confirming the sale was made, nor when, if at all, a guardian's deed was issued, but it appears from the briefs that about the time this proceeding was begun in the county court of McIntosh county, an action was filed in the district court of McIntosh county to obtain the same relief in equity in that court that was sought in the proceedings begun in the county court. The district court sustained demurrers to the petition, and plaintiff also appeals in that case and the two are briefed together. From the statements in the briefs, we gather that the petition for sale was filed by the guardian February 16, 1910; that it was set for hearing Feb-

ruary 17, 1910, and on that date the order of sale at private sale was entered; that the sale was made on June 17, 1910, return of sale filed June 18, 1910; hearing of the returns was set for June 28, 1910, and that on June 28th an order confirming the sale was entered, and that thereafter a guardian's deed was issued to Patrick, the purchaser.

Plaintiff in error contends that, under the provisions of section 684, C. O. S. 1921, the county court had jurisdiction to vacate the orders complained of where the petition to vacate is filed within one year after the minor became of age. Said section reads as follows:

"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of 21 years, may show cause against such order or judgment."

Plaintiff in error cites a number of cases from other states holding that probate courts have power to vacate their own judgments and orders after the term at which they were entered, where the same have been procured by fraud, mistake, accident, clerical errors, etc., but in none of them was the question here presented involved.

We think the question of the power of the county court to set aside or vacate its order confirming a sale of real estate made by a guardian after the deed is issued has been determined adversely to plaintiff in error in this state. In Jackson v. Porter, 87 Okla. 112, 209 Pac. 430, it was held:

"(a) That the county courts of this state are without jurisdiction to vacate or set aside a decree of sale, order of confirmation, or guardian's deed after the sale has been completed and a delivery of the guardian's deed executed pursuant to the order of the court confirming such sale.

"(b) After such sale has been completed by confirmation and a vestiture of title in the purchaser by delivery of deed. if any matter of equity exists, or should arise, entitling any interested party in the sale to be relieved from such sale, resort must be had in this state to the district court. a court of general equitable jurisdiction.

"(c) That an action to vacate such sale after confirmation and delivery of conveyance, is a civil action, and not a probate proceeding."

It is pointed out in Jackson v. Porter. supra, that the county court is without power to vacate or set aside the decree of sale, order of confirmation or guardian's deed after sale has been completed because of the provision of section 12, art. 7, of the Constitution that:

" The county court shall not have jurisdiction in any action * * * wherein the title or boundary of land may be in dispute or called in question."

It is contended, however, that the case of Jackson v. Porter, supra, is not controlling in the instant case, since the relief there sought was a cancellation of the decree of sale, the order confirming the sale and the guardian's deed, whereas the relief sought in the instant case is only to cancel or set aside the order of confirmation. This contention has been determined adversely to plaintiff in error in Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 Pac. 173. In that case an oil and gas lease covering a minor's land had been sold by the guardian. The controversy arose by reason of the guardian having reported to the court under oath that he had entered into an oil and gas mining lease with the Ozark Oil Company for a period of time expiring with the minority of his ward, when, in fact, the lease contract actually entered into was for a term of five years, and as long thereafter as oil or gas might be found on the premises in paying quantities. It was contended that the county judge, when he made the order confirming the sale, relied upon the recitals in the report, and was induced thereby to believe that the lease was in accordance with the terms of the report, and that said judge was misled, deceived, and induced to cause to be entered an order confirming the lease. The proceedings were by petition filed in the county court, and the prayer was that the order of confirmation be immediately set aside upon the grounds:

"(1) That it was erroneous and not in conformity with the report of the guardian; (2) because it was fraudulently obtained; (3) for the reason that said confirmation was not the order intended to be entered by the court and was not in fact the order of the court."

Upon a trial in the county court, a judgment was rendered modifying the order of confirmation theretofore entered so as to make said order read:

"That said lease should run from the 24th day of March, 1909, for a period of time expiring with the minority of said ward."

No relief was prayed as against the lease

itself, and no prayer for its cancellation or modification. It was held that to modify the order of confirmation was in effect to modify the lease, and that the county court was without jurisdiction to modify the order of confirmation. It is contended that Jackson v. Porter does not control in the instant case, and that the county court can set aside the order of confirmation under section 684, C. O. S. 1921, supra. Cravens v. Lowe, 117 Okla. 83, 245 Pac. 50; Johnson v. Grisso, 129 Okla. 38, 262 Pac. 678, and Haynes v. McDermott, 125 Okla. 147, 256 Pac. 908, are cited in support of this theory.

Cravens v. Lowe, supra, is one arising upon the question of the power of the county court to set aside or modify its order allowing certain compensation to the guardian and attorney's fees to an attorney representing the guardian, upon application of the ward made within one year after attaining majority, and is one coming clearly within the probate jurisdiction of the county court, and within the power of the county court. Johnson v. Grisso, supra, apparently applies section 684, supra, but the judgment or order there set aside was a judgment in partition originally brought in the district court, and the jurisdiction of the county court was not involved.

Haynes v. McDermott, supra, points out that an unknown minor's rights in an action in the district court to recover an interest in real estate, to have the land partitioned, and to adjudicate the heirship of the ancestor, under whom the plaintiff claims, is protected by section 684, supra, as well as under section 256, C. O. S. 1921. These cases, as well as others cited, may be said to be authority for holding that plaintiff in error is entitled to show cause against the various orders complained of within one year after attaining his majority, but we think it is necessary that he bring his proceedings therefor in a court having jurisdiction to grant the relief.

It appearing that the county court was without jurisdiction to set aside the orders of confirmation, the judgment and order of the district court affirming the county court should be affirmed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.